United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIA EVER ROGEL DE LA PAZ, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04786 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Maria Ever Rogel De La Paz filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 16, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and is *ultra vires* agency action. Id at ¶¶84–108.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government to dismiss, or, in the alternative, for summary judgment. Dkt 5. It maintains on the merits that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2. It also contends that the due process claims fail on the merits. Id at 6–12.

Petitioner hasn't filed a reply despite opportunity to do so. See Dkt 4 at 2.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08. This forecloses Petitioner's INA claims and *ultra vires* challenge based on the agency's purportedly erroneous statutory classification. Dkt 1 at ¶¶92–108.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

The arguments presented in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Maria Ever Rogel De La Paz is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 30, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge